UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11409-RWZ

EPOXY TECHNOLOGY, INC.

v.

DAIZO CORPORATION

MEMORANDUM OF DECISION

May 16, 2013

ZOBEL, D.J.

Plaintiff Epoxy Technology, Inc. ("Epoxy") is a manufacturer of specialty adhesives for use in advanced technology applications.  It filed suit in Massachusetts Superior Court against its products distributor, defendant Daizo Corporation ("Daizo"), alleging breaches of contract, misrepresentations, interference with advantageous relations, and unfair and deceptive acts and practices in violation of Mass. Gen. Laws ch. 93A.  After removing to this court, Daizo filed an Answer and Counterclaims sounding in breach of contract, breach of duty of good faith and fair dealing, fraudulent inducement, breach of warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, promissory estoppel, and misrepresentation.  Epoxy now moves to dismiss Daizo's counterclaims in their entirety (Docket # 13) for failure to meet the pleading standards of Fed. R. Civ. P. 8 and 12(b)(6).  Daizo responds with a motion of its own seeking dismissal of Epoxy's Chapter 93A claim (Docket # 17).

**I. Legal Standard**

To survive a motion to dismiss, a complaint or counterclaim must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  That is, the complaint or counterclaim must plead "factual content that allows the court to draw the reasonable inference that the [alleged wrongdoer] is liable for the misconduct alleged."  Id.  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

The inquiry is limited to the facts alleged in the complaint or counterclaim, incorporated into the pleading, or susceptible to judicial notice.  In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).  In reviewing the motion, the court assumes the truth of all well-pled factual allegations and draws all reasonable inferences in the nonmovant's favor.  Genzyme Corp. v. Fed. Ins. Co., 622 F.3d 62, 68 (1st Cir. 2010).

**II. Discussion**

    **A. Epoxy's Motion to Dismiss Daizo's Counterclaims**

Epoxy argues that Daizo's counterclaims fail to plead any factual content and instead consist only of labels and conclusions.  Daizo concedes that it did not include a separate recitation of facts, but contends that its Answer to Epoxy's complaint sets forth

sufficient basic facts in support of its counterclaims.  Even taking those responses in a favorable light and reading them as factual allegations, Daizo has not supplied the factual content necessary to make out plausible claims.[1]  The counterclaims merely recite the elements of various causes of action without illuminating how Epoxy engaged in wrongdoing beyond general assertions that its products did not meet "customer demands, requests and specifications."  See, e.g., Daizo's Counterclaims ¶¶ 3-5, 10-12, 15, 19, 33, 36.  Daizo's pleading lacks "enough detail to provide [Epoxy] with fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 555).  This is especially true with respect to Daizo's fraudulent inducement and misrepresentation claims, which fail to offer "the who, what, where, and when of the alleged false or fraudulent representation," Alternative System Concepts, Inc. v. Synopsys, 374 F.3d 23, 29 (1st Cir. 2004), required to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b).

Daizo's counterclaims are dismissed with leave to amend.

**B. Daizo's Motion to Dismiss Epoxy's Chapter 93A Claim**

Daizo asserts that Count VIII of Epoxy's complaint, alleging a violation of Mass. Gen. Laws ch. 93A, must be dismissed because none of the alleged wrongdoing took place "primarily" or "substantially" within Massachusetts as required under section 11 of

---

[1] Daizo includes a lengthy background section in its opposition to Epoxy's motion to dismiss.  But such factual allegations should have been pled with the counterclaims, not in a subsequent memorandum opposing their dismissal.  Daizo's delayed recitation of facts cannot retroactively rescue its deficient counterclaims.

the statute.[2] Epoxy disputes that contention, pointing out that its complaint identifies unfair and deceptive acts that occurred in Massachusetts, including Daizo's "sending personnel to Massachusetts to study Epoxy's facility and production process and take photographs of the facility and production process in order to develop a competing line of products, accessing nonpublic business, product, and other information on Epoxy's internal computer network in Massachusetts in order to develop Daizo's NicBond line of competing products, and making misrepresentations to Epoxy personnel in Massachusetts."  Complaint ¶ 114.  Epoxy, which is located in Massachusetts, also alleges that it relied on Daizo's misrepresentations and that it has suffered harm in Massachusetts.  Complaint ¶¶ 24-26, 103-105, 115.  That is sufficient to plead a Chapter 93A claim.  Back Bay Farm, LLC v. Collucio, 230 F. Supp. 2d 176, 188 (D. Mass. 2002) (A 93A claim, "attacked via a motion to dismiss, should survive a 'primarily and substantially' challenge so long as the complaint alleges that the plaintiff is located, and claims an injury, in Massachusetts.").[3]

**III. Conclusion**

Epoxy's motion to dismiss Daizo's counterclaims (Docket # 13) is ALLOWED

---

[2] Mass. Gen. Laws ch. 93A, §11 also places the burden on Daizo to prove "that such transactions and actions did not occur primarily and substantially within the Commonwealth."

[3] In any event, this question is not well-suited for resolution upon a motion to dismiss.  See Berklee Coll. of Music, Inc. v. Music Indus. Educators, Inc., 733 F. Supp. 2d 204, 213 (D. Mass. 2010) ("Due to the fact-finding process necessarily involved in evaluating the [primarily-and-substantially] issue, 'this particular ground for challenging a c. 93A claim — absent some extraordinary pleading concession by a claimant — cannot be resolved on Rule 12 motions.'") (quoting Bliss Valley Props., LLC v. Eliopulos, No. 041100BLS, 2005 WL 1683749, at *6 (Mass. Super. June 2, 2005)); Workgroup Tech Corp. V. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 118 (D. Mass. 2003) (The "primarily and substantially" decision "must be made on the basis of factual findings," and "[s]ince a Court does not make such findings when ruling on a motion to dismiss, it would seem that a motion to dismiss is no longer an appropriate vehicle for raising the issue.").

WITHOUT PREJUDICE.  Diazo's cross-motion to dismiss Epoxy's Chapter 93A claim (Docket # 17) is DENIED.

|  |  |
|---|---|
| May 16, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |